# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **VI ACQUISITION CORP., ET AL.,** | ) | |
| | ) | **Case No. 08-10623-KG** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

## APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF APRIL 11, 2008

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order under section 1103 of the Bankruptcy Code, authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI"), as financial advisors to the Committee. In support of this Application, the Committee respectfully states as follows:

### Introduction

1.     On April 3, 2008 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession.

2.     The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

## Background

3. On April 11, 2008, the United States Trustee for Region 3 (the "U.S. Trustee") conducted a formational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Formational Meeting"). At the Formational Meeting, the U.S. Trustee appointed the following seven (7) entities to the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code: (i) Wilmington Trust Company, as Indenture Trustee; (ii) Sankaty Credit Opportunities II, L.P.; (iii) Newport Global Opportunity fund, L.P.; (iv) Fidelity National Special Opportunities Inc.; (v) U.S. Foodservice, Inc.; (vi) The Coca-Cola Company; and (vii) Realty Income Corporation.

4. On April 11, 2008, the Committee selected Milbank, Tweed, Hadley & McCloy LLP ("Milbank") as its counsel and FTI Consulting, Inc as its Financial Advisor.

## Relief Requested

3. By this Application, the Committee seeks to employ and retain FTI pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, effective as of April 11, 2008.

4. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

5. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## Scope of Services

6. FTI will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the:

- Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Committee with information and analyses required pursuant to the Debtors' Debtor-Possession ("DIP") financing including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

- Assistance and advice to the Committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance regarding an evaluation of the present level of operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 proceedings;

- Assistance in the valuation of the business and review of capital structure alternatives;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers; and

Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not

duplicative of services provided by other professionals in this proceeding.

## FTI's Eligibility for Employment

7.     FTI has informed the Committee that, except as may be set forth in the Affidavit of
Steven Simms (The "Steven Simms Affidavit"), it does not represent any other entity having an
adverse interest in connection with these cases, and therefore believes it is eligible to represent
the Committee under Section 1103(b) of the Bankruptcy Code.

8.     FTI will conduct an ongoing review of its files to ensure that no conflicts or other
disqualifying circumstances exist or arise. If any new material facts or relationships are
discovered, FTI will supplement its disclosure to the Court.

9.     FTI has agreed not to share with any person or firm the compensation to be paid for
professional services rendered in connection with these cases.

## Terms of Retention

10.    FTI is not currently owed any amounts with respect to pre-petition fees and
expenses. Prior to the Petition Date, FTI was retained by Milbank to provide certain financial
advisory and consulting services in relation to Milbank's representation of an ad hoc committee
of certain holders or managers (the "Noteholders") of the 10 ½% Senior Unsecured Notes due
2011 issued by VICORP Restaurants, Inc. Pursuant to our work for the Noteholders, the Debtors
provided FTI with a retainer of $15,000 to cover unpaid fees and expenses. As of the Petition
Date, FTI was owed $3,942.67 for unpaid expenses. As such, FTI offset the retainer by
$3,942.67 to satisfy the amount due and has a remaining retainer balance of $11,057.63.

11.    The Committee understands that FTI intends to apply to the Court for allowances of
compensation and reimbursement of expenses for its financial advisory support services in
accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules,
corresponding local rules, orders of this Court and guidelines established by the United States
Trustee.

12. Subject to Court approval and in accordance with the reasonableness standard provided for in Section 328(a) of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on a fixed monthly basis of $125,000 per month for the first 6 months, $100,000 per month for the following 3 months, and $75,000 for each month thereafter ("Monthly Fixed Fee"), plus reimbursement of actual and necessary expenses incurred by FTI. The Monthly Fixed Fee shall be subject to a periodic review by the Committee and FTI. Actual and necessary expenses would include any reasonable legal fees incurred related to FTI's defense of fee applications in this matter, subject to Court approval.

13. In addition, upon completion of these cases and subject to Committee consent, FTI shall receive a completion fee ranging from $350,000 to $500,000 (the "Completion Fee"). The Completion Fee shall be subject to Court approval in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard set forth in Section 330 of the Bankruptcy Code. Notwithstanding the foregoing, the U.S. Trustee shall retain the right to object to the Completion Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. The Completion Fee will be considered earned and payable, subject to Bankruptcy Court approval, upon the earliest occurrence of the following: (a) the confirmation of a plan of reorganization or plan of liquidation, or (b) the sale or liquidation of all or substantially all of the Company's assets (whether in one or multiple transactions).

## Notice

Notice of this Application has been given to (i) counsel to the Debtors, (ii) the U.S. Trustee and (iii) all parties who have filed a notice of appearance in these cases. In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, effective as of April 11, 2008, and grant such further relief as is just and proper.

Dated: New York, NY
      April 3͞0 2008

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF VI
ACQUISITION CORP., ET AL

Joseph J. Farncielli, Jr.
As Representative of
Fidelity National Special Opportunities, Inc.
Co-Chairperson of the Committee

- AND -

William Kaye
As Representative of
The Coca-Cola Company
Co-Chairperson of the Committee

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, effective as of April 11, 2008, and grant such further relief as is just and proper.

Dated: New York, NY
April 30 2008

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF VI
ACQUISITION CORP., ET AL.

Joseph Farricetelli, Jr.
As Representative of
Fidelity National Special Opportunities, Inc.
Co-Chairperson of the Committee

- AND -

William Kaye
As Representative of
The Coca-Cola Company
Co-Chairperson of the Committee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **VI ACQUISITION CORP., ET AL.,** | ) | |
| | ) | **Case No. 08-10623-KG** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

## AFFIDAVIT IN SUPPORT OF THE APPLICATION
## FOR AN ORDER AUTHORIZING EMPLOYMENT AND
## RETENTION OF FTI CONSULTING, INC. AS
## FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS

|  |  |  |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | | ) ss. |
| COUNTY OF NEW YORK | ) | |

I, Steven Simms, being duly sworn, hereby deposes and says:

1.     I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "FTI"), a financial advisory services firm with numerous offices throughout the country. I submit this Affidavit on behalf of FTI (the "Affidavit") in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") to VI Acquisition Corp., et al., the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for an order authorizing the employment and retention of FTI as financial advisors under the terms and conditions set forth in the Application. Except as otherwise noted[1], I have personal knowledge of the matters set forth herein.

---

[1]    Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

## SECTION 1: DISINTERESTEDNESS AND ELIGIBILITY

2.     In connection with the preparation of this Affidavit, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI. A listing of the parties reviewed is reflected on Exhibit A to this Affidavit. FTI's review, completed under my supervision, consisted of a query of the Exhibit A parties within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI. A summary of such relationships that FTI identified during this process is set forth on Exhibit B to this Affidavit.

3.     Based on the results of its review, FTI does not have a relationship with any of the parties on Exhibit A in matters related to these proceedings. FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit B. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support and/or engineering and scientific investigation consulting services. To the best of my knowledge, no services have been provided to these parties in interest which are adverse to the rights of the Committee, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

4.     Further, as part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys, law firms and financial institutions, some of whom may be involved in these proceedings. In addition, FTI has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the

Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Committee herein in matters upon which FTI is to be employed, and none are in connection with these cases.

5.     In January 2003 FTI was retained by Cerberus Partners to provide services relating to VICORP. FTI reviewed VICORP's 2002 results as well and its 2003 projections. Work was last performed on this matter around February 2003 and has been closed since that time.

6.     In September 2004 FTI was retained by VICORP to calculate potential exposure relating to alleged wage/hour violations. FTI was paid approximately $25,000 in fees. This matter has been closed since November 2006.

7.     In September 2007 FTI was retained by VICORP to assist in the evaluation of its operations and liquidity issues. FTI performed limited work, which ended in December 2007, resulting in fees of approximately $10,000. FTI received a retainer for $15,000 related to these services and upon completion of its service had a retainer balance of $14,000 on hand.

8.     In February 2008 FTI was retained by Milbank, Tweed, Hadley & McCloy LLP ("Milbank") to provide certain financial advisory and consulting services in relation to Milbank's representation of certain ad hoc holders or managers (the "Noteholders") of the 10 ½% Senior Unsecured Notes due 2011 issued by VICORP Restaurants, Inc. FTI received a payment from the Debtors of $126,000 in March 2008 which included a monthly fee of $125,000 and a supplemental $1,000 retainer. The full monthly fee was earned. The ad hoc noteholder group disbanded upon the formation of the Committee.

9.     FTI is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I

nor any other member of the FTI engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

10.    Pursuant to our work for the Noteholders and our prior work for the Debtors, FTI received a retainer of $15,000 to cover unpaid fees and expenses. As of the Petition Date, FTI was owed $3,942.67 for unpaid expenses. As such, we offset the retainer by $3,942.67 to satisfy the amount due and have a remaining retainer balance of $11,057.63.

11.    As such, to the best of my knowledge, FTI does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

12.    It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

### SECTION 2: PROFESSIONAL COMPENSATION

13.    Subject to Court approval and in accordance with the applicable provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee guidelines and the local rules of this District, FTI will seek payment for compensation on a monthly fixed fee basis and, with Committee consent, a Completion Fee, plus reimbursement of actual and necessary expenses incurred by FTI as outlined in the Application for the employment of FTI.

14.    According to FTI's books and records, except as outlined in this Affidavit, during the ninety day period prior to the Debtors' petition date, FTI performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

15. To the best of my knowledge, a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

Dated this 1st day of May 2008.

_____

Steven Simms

SUBSCRIBED AND SWORN TO BEFORE ME this 1st day of May 2008.

_____
Notary Public

My Commission Expires:

Oct, 19th 2009

KARIN JACOBSON
Notary Public, State of New York
No. 31-4900115
Qualified in New York County
Commission Expires Oct. 19, 20 09

## EXHIBIT A

### Listing of Parties-in-Interest Reviewed for Current Relationships

**Debtor**
VI Acquisition Corp
VICORP Restaurants, Inc.

**Debtor-Affiliates**
Village Inn Pancake House of Albuquerque, Inc
Village Inn Pancake House of Canada

**Debtor's Attorneys**
Reed Smith
Morris Nichols

**Debtor's Financial Advisors**
Piper Jaffray

**Debtor Professionals-Other**
Grant Thorton LLP
Joseph J. Radecki
Tre Angeli, LLC
Trumbull Group, LLC

**Debtor's Corporate Officers**
Anthony Carroll
Jeffrey Guido
Kenneth Keymer
Michael Solot
Robert Cummings
Timothy Casey
Walter Van Benthuysen (Former Director)
Wayne Kocourek
Debra Koenig (Former CEO)

**Debtor's Major Shareholders**
A.G. Edwards Private Equity Partners II, LP
A.G. Edwards Private Equity Partners QP II, LP
Bret David van Benthuysen
Dan Gresham
Don Prismon
Donald F. Piazza
Heather Shear Smyth
Heidi Lynn Marrow
Mark Hampton
Michael Kocourek
Mid Oaks Investments LLC

Pete Pascuzzi
Ryan James Van Benthuysen
Teresa Rivera
Tim Kanaly
Tom Mejstrik
Walter G. Van Benthuysen Trust
Wind Point Associates IV, LLC
Wind Point Partners IV Executive Advisors Partners, L.P.
Wind Point Partners IV, L.P.
Wind Point Partners V Executive Advisors Partners, L.P.
Wind Point Partners V, L.P.

**Secured Lenders**
Ableco Finance LLC
Wells Fargo Foothill, Inc.

**Secured Lenders Attorneys**
Paul, Hastings, Janofsky & Walker, LLP

**Indenture Trustees**
The Wilmington Trust Company

**Top Twenty/Significant Trade Creditors**
The Wilmington Trust Company
US Foodservice Inc.
Evans, Hardy & Young, Inc.
Realty Income Corporation, Inc.
Global Media Systems
Realty Income Texas Properties LP
Lincoln Poultry and Egg Co., Inc.
CNL Funding 200-A LP
Peterson Farms
CM Products, Inc.
Bakker Produce Inc.
The Creative Advertising Group, LLC
Graf Creamery Inc.
Columbus Foods
Star of the West Milling
Hilco Real Estate, LLC
Propensity Media, LLC
Kraft Foods Inc.
Les Bleuets Mistassini Ltee
The Sygma Network Inc

**Official Unsecured Creditors' Committee Members**
The Wilmington Trust Company

Sankaty Credit Opportunities II, L.P.
Newport Global Opportunity Fund, L.P.
Fidelity National Special Opportunities, Inc.
US Foodservice Inc.
The Coca-Cola Company
Realty Income Corporation, Inc.

## Official Unsecured Creditors' Committee Attorneys
Milbank, Tweed, Hadley & McCloy LLP

## Other Significant Parties-in-Interest (as known)
AICCO, Inc.
American Express Travel Related Services Co Inc Corp Card
Arch Insurance Company
Babson Capital
Ballard Spahr Andrews & Ingersoll, LLP
Becket and Lee LLP
Bexar County
Bix Produce Company, LLC
Calaveras Square Ltd
Cape Fund II LP
Cape Fund LP
Cape Investments LLC
Centro Properties Group
Chatham Light II CLO, Ltd
Chrysler Financial
Cleveland Electric Illuminating Company
Connolly Bove Lodge & Hutz LLP
Conseco
Covington & Burling
Cozen O'Connor
Cristina LaCorte
Crum & Forstar Insurance
Dole Packaged Foods, LLC
Dominion East Ohio
Ecolab, Inc
Endurance American Specialty Ins. Co.
Environmental Protection Agency
Federal Trade Commission
Fidelity National Financial
FW CA-Granada Vilage, LLC
Global Excess Partners Limited, LLC
Golden Oval Eggs
Group G Capital Partners LLC
Hanson Bridgett LLP
Hartford Steam Boiler Inspection & Insurance
Haynes and Boone, LLP

Heiman, Gouge & Kaufman LLP
Hilco Real Estate
Hinckley, Allen & Snyder LLP
Inland American Retail Management
Inland Southwest Management LLC
Jack LaCorte
JLL Consultants
Katonah III, Ltd
Katonah IV, Ltd
Kelley Drye & Warren LLP
Kohner, Mann & Kailas, S.C.
KRC Orland Park 809, Inc
La Gasso Bros., Inc.
Landis Rath & Cobb LLP
Law Officers of Russell R. Johnson III
Lexington Insurance Company
Linebarger, Goggan Blair & Sampson, LLP
Lloyds of London
Loan Funding XI LLC
Marie LaCorte
McCarron & Diess
MFC Corporation
MIA Joint Venture
Michael P. Morton
Monzack Mersky McLaughlin and Browder, P.A.
North Shore
Ohio Edison Company
Prospect Funding I, LLC
Public Service Company of Oklahoma dba American Electric
Power
Purnima Mehta
Race Point II CLO, Ltd
Race Point III CLO, Ltd
Randick O'Dea & Tooliatos, LLP
Richards, Layton & Finger, P.A.
Salt River Project
Sankaty Advisors, LLC
Sankaty Credit Opportunities III, LP
Sankaty Credit Opportunities, LP
Sankaty High Yield Partners II, LP
Sankaty High Yield Partners III, LP
Saul Ewing LLP
Sirna & Sons Produce, Inc.
Southern California Edison Company
Stevens & Lee, P.C.
Sue LaCorte
Suresh Mehta

SYGMA Corp
SYSCO Central Warehouse
SYSCO Corp
SYSCO Food Services of Portland, Inc
SYSCO Food Services of Spokane
Travelers
WB Loan Funding 2 LLC
WRI Golden State, LLC

## EXHIBIT B

### Parties-in-Interest Noted for Court Disclosure

**Relationships in Matters Related to These Proceedings**

**None**

**Relationships in Unrelated Matters**
**Debtor**
VI Acquisition Corp
VICORP Restaurants, Inc.

**Debtor's Attorneys**
Reed Smith

**Debtor's Financial Advisors**
Piper Jaffray

**Debtor Professionals-Other**
Grant Thorton LLP
Trumbull Group, LLC

**Debtor's Major Shareholders**
A.G. Edwards Private Equity Partners II, LP
A.G. Edwards Private Equity Partners QP II, LP
Wind Point Partners IV, L.P.
Wind Point Partners V, L.P.

**Secured Lenders**
Ableco Finance LLC
Wells Fargo Foothill, Inc.

**Secured Lenders Attorneys**
Paul, Hastings, Janofsky & Walker, LLP

**Indenture Trustees**
The Wilmington Trust Company

**Top Twenty/Significant Trade Creditors**
The Wilmington Trust Company
US Foodservice Inc.

Peterson Farms
Kraft Foods Inc.

## Official Unsecured Creditors' Committee Members
The Wilmington Trust Company
Sankaty Credit Opportunities II, L.P.
US Foodservice Inc.
The Coca-Cola Company

## Official Unsecured Creditors' Committee Attorneys
Milbank, Tweed, Hadley & McCloy LLP

## Other Significant Parties-in-Interest (as known)
American Express Travel Related Services Co Inc Corp Card
Arch Insurance Company
Ballard Spahr Andrews & Ingersoll, LLP
Cleveland Electric Illuminating Company
Connolly Bove Lodge & Hutz LLP
Conseco
Covington & Burling
Cozen O'Connor
Endurance American Specialty Ins. Co.
Environmental Protection Agency
Federal Trade Commission
Fidelity National Financial
Hanson Bridgett LLP
Haynes and Boone, LLP
Katonah III, Ltd
Katonah IV, Ltd
Kelley Drye & Warren LLP
Lexington Insurance Company
Lloyds of London
MFC Corporation
North Shore
Ohio Edison Company
Public Service Company of Oklahoma dba American Electric Power
Richards, Layton & Finger, P.A.
Salt River Project
Sankaty Advisors, LLC
Saul Ewing LLP
Southern California Edison Company
SYGMA Corp

SYSCO Corp
Travelers

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **VI ACQUISITION CORP., ET AL.,** | ) | |
| | ) | **Case No. 08-10623-KG** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

## ORDER AUTHORIZING RETENTION OF
## FTI CONSULTING, INC.
## AS FINANCIAL ADVISORS
## <u>FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain FTI Consulting, Inc. and its wholly owned subsidiaries (collectively "FTI") as financial advisors; and upon the Affidavit of Steven Simms in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application be, and it hereby is, granted; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

ORDERED that in accordance with section 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain FTI as of April 11, 2008 as their financial advisors on the terms set forth in the Application; and it is further

ORDERED that FTI will be compensated with a Monthly Fixed Fee of $125,000

per month for the first 6 months, $100,000 per month for the following 3 months, and $75,000 for each month thereafter ("Monthly Fixed Fee"), plus reimbursement of actual and necessary expenses incurred by FTI, in accordance with the reasonableness standard provided for in section 328(a) of the Bankruptcy Code and such Federal Rules of Bankruptcy Procedure as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court, and such Monthly Fixed Fee shall be subject to a periodic review by the Committee and FTI; and it is further

ORDERED that pursuant to the preceding paragraph, FTI is entitled to reimbursement of actual and necessary expenses, including any reasonable legal fees incurred related to FTI's defense of fee applications in this matter, subject to Court approval; and it is further

ORDERED that upon completion of these cases and subject to Committee consent, FTI shall receive the Completion Fee subject to Court approval in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard set forth in Section 330 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding the foregoing, the U.S. Trustee shall retain the right to object to the Completion Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that on a monthly basis as part of its monthly fee application, FTI shall provide time detail at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI shall provide an overview of the type of work performed; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: _____, 200_

_____
Judge