# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VI ACQUISITION CORP., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-10623 (KG)<br>(Jointly Administered)<br><br>**Objections Due: November 12, 2008**<br>**Hearing Date: November 19, 2008 at 11:00 a.m.** |

## MOTION OF FRED JUNG FOR ALLOWANCE
## AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Fred Jung ("*Mr. Jung*") by through its undersigned counsel hereby moves this Court for entry of an order allowing and directing the Debtor to pay his administrative expense claim in the amount of $10,226.54.00. In support of its motion, Mr. Jung respectfully states as follows:

1. On April 3, 2008 (the "*Petition Date*"), VI Acquisition Corp. and VICORP Restaurants, Inc. (the "*Debtors*") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*").

2. Prior to the Petition Date, VICORP Restaurants, Inc. ("*Vicorp Restaurants*") and Captec VRI, LLC ("*Captec*") entered into a *Lease Agreement* (as the same has been amended or otherwise modified, the "*Lease Agreement*") dated May 14, 2001 pursuant to which Captec leased to Vicorp Restaurants certain property located at 298A West Roosevelt Road, Villa Park, DuPage County, Illinois (the "*Villa Park Property*"). Vicorp Restaurants leased the Villa Park Property in order to operate a Bakers Square restaurant, and as of the date hereof Vicorp Restaurants continues to operate said restaurant from the Villa Park Property. A copy of the Lease Agreement is attached hereto and incorporated herein as Exhibit A.

3. On or about January 15, 2002, Captec sold the Villa Park Property to Mr. Jung. The parties also entered into an assignment agreement (the "*Assignment Agreement*") pursuant to

which, among other things, Captec assigned all of its right, title and interest in and to the Lease Agreement to Mr. Jung.

4. Pursuant to the Lease Agreement (and attached Rent Addendum), Vicorp Restaurants is required to pay the annual rent for the Villa Park Property in 12 equal installment payments, with the payments due on the first of each month in advance. On April 1, 2008, therefore, Vicorp Restaurants owed rent for April, 2008 in the amount of $10,957.01. Unfortunately, however, this payment was not made and the Debtors filed for chapter 11 bankruptcy protection two days later on April 3, 2008.

5. Despite not having paid April, 2008 rent, from the Petition until at least August 31, 2008, Vicorp Restaurants continued to occupy the Villa Park Property and operate a Bakers Square restaurant thereon. The continued operation of this location was both necessary and beneficial to the Debtors and their estates. Thus, rent that Vicorp Restaurants owes to Mr. Jung for the period from April 3 through April 30 ($10,226.54) constitutes an administrative expense claim in this Chapter 11 case.

6. Under Section 503(b)(1)(A) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Section 507(a)(1) grants "administrative expenses allowed under section 503(b)" payment priority over other claims. 11 U.S.C. § 507(a)(1). Courts have set out a two-part test to determine whether a creditor is entitled to an administrative expense. *See In re Santa Monica Beach Hotel, Ltd.*, 209 B.R. 722, 725 (B.A.P. 9th Cir. 1997); *In re Molnar Brothers*, 200 B.R. 555, 558 (Bankr. D.N.J. 1996). First, an administrative expense must arise from a post-petition service or transaction between the administrative expense claimant and the debtor. Second, the expense must substantially and

directly benefit the estate. As set forth herein, Mr. Yung's administrative expense claim for the Stub Rent meets both requirements.

7. In fact, Delaware courts have routinely allowed administrative claims for "stub rent" in identical cases, holding that landlords are entitled to administrative claims for the fair market value of property occupied by debtors post-petition. *See, e.g., In re DVI*, Inc., 308 B.R. 703, 707-708 (Bankr. D. Del. 2004) (granting the landlord at issue an administrative claim covering the six-day period from the petition date through the end of the month because the debtor continued to use and occupy the premises, thus deriving a benefit). As the court stated, a "landlord is entitled to an administrative claim in the amount of the fair market value of the premises when a debtor occupies and uses them post-petition." *Id.* (citations omitted). In determining fair market value, there is a presumption "that the rental value fixed in the lease will control, unless there is convincing evidence that such rental rate is unreasonable." In re F.A. Potts & Co., 137 B.R. 13, 18 (E.D. Pa. 1992). The presumption is particularly strong where, as here, the Debtors continued to use the and occupy the space for the purpose it was leased for post-petition.

8. Pursuant to Sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy code, Mr. Jung thus seeks entry of an order allowing administrative expense treatment, as actual and necessary post-petition costs of preserving the estate, of the $10,226.54 in Stub Rent owed by Vicorp Restaurants under the Lease Agreement for the period from April 3, 2008 through and including April 30, 2008. Further, Mr. Jung seeks immediate payment of this outstanding amount due.

WHEREFORE, pursuant to 11 U.S.C. Section 503(a), Mr. Jung respectfully requests that this Court enter an order:

(i) granting it an allowed administrative expense claim in the amount of $10,226.54;

(ii) directing the Debtors to immediately pay the $10,226.54 to Mr. Jung; and

(iii) for such other and further relief as this Court deems just and equitable.

Dated: October 17, 2008

ARCHER & GREINER, P.C.

By */s/ Charles J. Brown, III*
Charles J. Brown, III, Esq. (#3368)
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Telephone: 302.777.4350
Facsimile: 302.777.4352
cbrown@archerlaw.com

--and--

Matthew E. McClintock, Esq.
BELL, BOYD & LLOYD LLC
70 West Madison Street, Suite 3300
Chicago, IL 60602
Telephone: 312.372.1121
Facsimile: 312.827.8000

*Attorneys for Fred Jung*